### FOSDICK v. LYONS et al.

(Supreme Court, Appellate Division, Second Department. March 21, 1899.)

LIFE ESTATES—MORTGAGES—LIABILITY FOR INTEREST.

When a life tenant of land and the two remainder-men join in a mortgage thereon, and there is no evidence as to who received the proceeds, the three will be charged equally with the interest and expenses of foreclosure.

Appeal from Queens county court.

Foreclosure suit by Morris Fosdick against Catharine C. Lyons and others. From an order, directing the distribution of the surplus money on a foreclosure sale, defendant L. Napoleon Levy appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Eugene V. Daly, for appellant.
Frank A. Butler, for respondent.

CULLEN, J. The defendant Catharine C. Lyons was seized of an estate for life in certain real estate in the county of Queens. The defendants Thomas F. Lyons and John J. Lyons owned the remainder after the death of Catharine. The life tenant and two remainder-men executed two bonds and mortgages, each for the sum of $500, to the plaintiff. Default was made in the payment of the interest. The mortgages were foreclosed, and the premises sold. On the sale there was a surplus of $3,000 deposited with the county treasurer. Prior to the foreclosure, the defendants Thomas F. and John J. Lyons conveyed their remainder to the defendant and appellant, L. Napoleon Levy. Proceedings were taken to obtain the surplus, and a reference ordered to determine the rights and interests of the various claimants. On this reference the appellant, Levy, claimed that the life tenant should be charged with the defaulted interest due on the mortgages, the costs and expenses of the foreclosure sale, and the unpaid taxes which had been allowed to accrue on the property. The referee charged the life tenant (the respondent Catharine Lyons) with all these sums. The county judge modified the referee's report by charging the life tenant with the unpaid taxes, and disallowing the claims against her for the interest on the mortgages and the expenses of the foreclosure. From this order the remainder-man has appealed.

We think the decision of the learned county judge was clearly correct. The bonds and mortgages which were foreclosed recite that the three mortgagors, the life tenant and the two remainder-men, were indebted to the mortgagee in the sum named in the mortgages. No evidence was given tending to show who actually re-

ceived the moneys borrowed, or for what purpose those moneys were applied. There being no proof, therefore, of any peculiar equities between the parties, the presumption resulting from the face of the instrument must obtain, that the three mortgagors and bondsmen were, as between themselves, each liable for one-third of the debt. To such a case, the rule that where parties receive an estate subject to an incumbrance the life tenant must discharge the annual interest on the incumbrance has no application. The equity of the general rule and the principle on which it is based are perfectly apparent. If a piece of land subject to a mortgage of $10,000 is devised to one for life, and to another in remainder after the death of the first, the life tenant is entitled only to the income of the property. The whole real estate is not devised, but only the equity of redemption; and the true income of the subject-matter devised is only the excess of the rental after deducting the annual interest charged on the incumbrance. But in this case the three mortgagors, the life tenant and the two remainder-men, were the primary debtors, and could have been sued at law on their promise to pay without resort to a foreclosure of the mortgage, which was merely security for the debt. Had any of the three paid either the principal or the interest, presumptively he would have been entitled to sue his co-obligors for their aliquot shares of the payment. The duty, therefore, rested on the remainder-men to pay the interest, to the same extent as it did upon the life tenant, and one was just as responsible as the other for the default in interest and for the foreclosure occasioned by such default. The view taken by the court below was therefore right. There seems to have been an error of $58.97 made in the calculation of the county judge. Both parties have recognized its existence, and stipulated for its correction. I cannot clearly make out from the papers whether the mistake has actually been corrected. If it has not, the parties may hereafter apply to the county judge for a modification of his order.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.